Lorona, Steiner, Ducar,
Coughlin & Horowitz, Ltd.
3003 North Central Avenue, Suite 1800
Phoenix, Arizona 85012-2909
Telephone: (602) 277-3000
Facsimile: (602) 277-7478

**Jess A. Lorona, #009186**
**Gregory E. McClure, #022587**
**Attorneys for Plaintiff**

**LORONA, STEINER, DUCAR,**
**COUGHLIN & HOROWITZ, LTD.**
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

### IN THE UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Jeffrey Michael Pataky**, an individual | **Case No. CV09-534-PHX** |
| Plaintiff, | **COMPLAINT** |
| -vs- | |
| **City of Phoenix**, a political subdivision of the State of Arizona; **Phillip B. Gordon and Jane Doe Gordon**, husband and wife; **Frank Fairbanks and Jane Doe Fairbanks**, husband and wife; **Jack Harris and Jane Doe Harris**, husband and wife; **Anthony Brokaw and Jane Doe Brokaw**, husband and wife; **George J. Richards and Jane Doe Richards**, husband and wife; **Brandon Huntley and Jane Doe Huntley**, husband and wife; **Sandra Renteria and John Doe Renteria**; husband and wife; **Louie Tovar and Jane Doe Tovar**, husband and wife; **George Fulton and Jane Doe Fulton**, husband and wife; **John and Jane Does I-X;** | |
| Defendants. | |

1  Plaintiff, JEFFREY MICHAEL PATAKY, by and through his counsel

2  undersigned, hereby alleges as follows for his Complaint against Defendants:

3  **PARTIES AND JURISDICTION**

4  1.  Plaintiff, JEFFREY MICHAEL PATAKY ("Mr. Pataky"), is, at all

5  times relevant, a resident of Maricopa County, Arizona.

6  2.  Defendant, CITY OF PHOENIX, is, at all times relevant, a political

7  subdivision of the State of Arizona, located in Maricopa County, Arizona.

8  3.  Defendants, PHILLIP B. GORDON ("Mayor Gordon") and JANE DOE

9  GORDON, are, at all times relevant, husband and wife residing in Maricopa County,

10  Arizona.  Defendant Phillip Gordon holds the position of Mayor in and for the City of

11  Phoenix.  All actions taken by Defendant Phillip Gordon were on behalf of the marital

12  community.

13  4.  Defendants, FRANK FAIRBANKS ("Mr. Fairbanks") and JANE DOE

14  FAIRBANKS, are, at all times relevant, husband and wife residing in Maricopa

15  County, Arizona.  Defendant Frank Fairbanks holds the position of City Manager in

16  and for the City of Phoenix.  All actions taken by Defendant Frank Fairbanks were on

17  behalf of the marital community.

18  5.  Defendants, JACK HARRIS ("Chief Harris") and JANE DOE HARRIS,

19  are, at all times relevant, husband and wife residing in Maricopa County, Arizona.

20  Defendant Jack Harris holds the position of Chief of Police in and for the City of

21  Phoenix.  All actions taken by Defendant Jack Harris were on behalf of the marital

22  community.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

6.      Defendants, ANTHONY BROKAW ("Detective Brokaw") and JANE DOE BROKAW, are, at all times relevant, husband and wife residing in Maricopa County, Arizona.  At all times relevant, Defendant Anthony Brokaw held the position of detective in and for the City of Phoenix Police Department in the Family Investigations Bureau.  All actions taken by Defendant Anthony Brokaw were on behalf of the marital community.

7.      Defendants, GEORGE J. RICHARDS ("Commander Richards") and JANE DOE RICHARDS, are, at all times relevant, husband and wife residing in Maricopa County, Arizona.  At all times relevant, Defendant George J. Richards held the position of Commander in and for the City of Phoenix Police Department in the Professional Standards Bureau.  All actions taken by Defendant George J. Richards were on behalf of the marital community.

8.      Defendants, BRANDON HUNTLEY ("Sergeant Huntley") and JANE DOE HUNTLEY, are, at all times relevant, husband and wife residing in Maricopa County, Arizona.  At all times relevant, Defendant Brandon Huntley held the position of Sergeant in and for the City of Phoenix Police Department in the Family Investigations Bureau.  All actions taken by Defendant Brandon Huntley were on behalf of the marital community.

9.      Defendants, SANDRA RENTERIA ("Lt. Renteria") and JOHN DOE RENTERIA, are, at all times relevant, husband and wife residing in Maricopa County, Arizona.  At all times relevant, Defendant Sandra Renteria held the position of Lieutenant in and for the City of Phoenix Police Department in the Family

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

1   Investigations Bureau.  All actions taken by Defendant Sandra Renteria were on

2   behalf of the marital community.

3        10.     Defendants, LOUIE TOVAR ("Commander Tovar") and JANE DOE

4   TOVAR, are, at all times relevant, husband and wife residing in Maricopa County,

5   Arizona.  At all times relevant, Defendant Louie Tovar held the position of

6   Commander in and for the City of Phoenix Police Department in the Family

7   Investigations Bureau.  All actions taken by Defendant Louie Tovar were on behalf of

8   the marital community.

9        11.     Defendants, GEORGE FULTON ("Officer Fulton") and JANE DOE

10   FULTON, are, at all times relevant, husband and wife residing in Maricopa County,

11   Arizona.  At all times relevant, Defendant George Fulton held a position with the City

12   of Phoenix Police Department as a police officer.  All actions taken by Defendant

13   George Fulton were on behalf of the marital community.

14        12.     Defendants, JOHN and JANE DOES I-X, are, at all times relevant to

15   this Complaint, reside in Maricopa County, Arizona.  Plaintiff will seek leave of the

16   Court to add their true names once their identity has become known.

17        13.     Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331.

18        14.     Pursuant to 28 U.S.C. § 1391, venue is proper in this Court.

### GENERAL ALLEGATIONS

     15.     Plaintiff incorporates each and every allegation set forth above as if fully
set forth herein.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

4

16.     In or about early March 2007, Mr. Pataky's ex-wife, Julie Cioppa fka Julie Pataky ("Ms. Cioppa"), contacted police and alleged that Mr. Pataky had violated an order of protection entered on or about August 26, 2006.

17.     Officer Paul Hubert of the City of Phoenix Police Department responded to the call and filed an initial report under DR #2008-70443140.

18.     Despite the fact that Ms. Cioppa was unable to provide any evidence that Mr. Pataky was in violation of any court order, Officer Hubert listed Mr. Pataky as a suspect rather than an investigative lead or person with information.

19.     The matter was later assigned to Detective Brokaw.

20.     On or about April 11, 2007, Detective Brokaw contacted Ms. Cioppa by telephone.  Ms. Cioppa indicated that Mr. Pataky was in violation of the August 26, 2006 order of protection because Mr. Pataky was elected to the board of the neighborhood's homeowner's association even though Mr. Pataky did not live in the family residence.  Ms. Cioppa also alleged that Mr. Pataky had been making more telephone calls to Ms. Cioppa than were allowed under the court order.

21.     Following this conversation with Ms. Cioppa, Detective Brokaw attempted to contact Mr. Pataky regarding Ms. Cioppa's allegations.

22.     Detective Brokaw left a message for Mr. Pataky and stated that Mr. Pataky was prevented from being a member of the neighborhood homeowners' association, driving around his old neighborhood, and could not attend the same church as his wife because of the order of protection.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

23.    Mr. Pataky was also informed by Detective Brokaw that Detective Brokaw would arrest him on the spot if he was found at any of these places.

24.    On or about April 26, 2007, Detective Brokaw entered a supplement to the police report indicated that no witness existed "to show SP1 Jeffrey is violating the order of protection."  Detective Brokaw also noted that "no evidence existed to show a violation occurred."

25.    Sometime in late April of 2007, Mr. Pataky received a copy of the above-referenced police report.  Upon review, Mr. Pataky observed that he was being listed as a suspect even though the investigating officer had no evidence that a violation had occurred.

26.    After viewing the report, Mr. Pataky first left messages for Detective Brokaw and after none of them were returned, contacted Detective Brokaw's supervisor, Sergeant Huntley.

27.    Mr. Pataky requested that, since no evidence existed regarding the allegations made by Ms. Cioppa, he no longer be listed as a suspect in a domestic violence case, but rather as an investigative lead.

28.    Mr. Pataky indicated that the report was just Ms. Cioppa's attempt to harass him and to gain an upper hand in the divorce and custody proceedings pending before the family court.

29.    Mr. Pataky also indicated that the listing of Mr. Pataky as a suspect would cause problems with his employment.  Sergeant Huntley simply screamed get over it; it was not going to change.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

30.     After receiving a less than positive response from Sergeant Huntley, Mr. Pataky then contacted Lt. Renteria.   Again, Mr. Pataky did not receive a positive response to his request to be listed as an investigative lead.

31.     Upon information and belief, on or about May 4, 2007, Detective Brokaw traveled to the home of Ms. Cioppa.  Ms. Cioppa provided a micro cassette recording allegedly documenting Mr. Pataky's violations of the order of protection. Ms. Cioppa also provided a three page listing of telephone calls.  Detective Brokaw identified the list of numbers as potentially being "phone records but they do not have a company logo or any other service indicators identifying the provider/company."

32.     On or about May 8, 2007, Mr. Pataky was contacted by Officer Gregory Westover for the purpose of conducting an interview.   During this interview, Mr. Pataky indicated that he intended to file a Complaint with Commander Tovar regarding the actions of Detective Brokaw and Sergeant Huntley in the investigation of the allegations and the listing of Mr. Pataky as a suspect.

33.     On or about May 9, 2007, Detective Brokaw received into evidence an envelope from Ms. Cioppa which included a Cox Communications CD containing Ms. Cioppa's home telephone records, a paper copy of Ms. Cioppa's version telephone records and note from Ms. Cioppa.

34.     In or about late early June of 2007, Mr. Pataky contacted Commander Tovar with the City of Phoenix Police Department.  Commander Tovar was then head of the Family Investigations Bureau.

35.     On June 10, 2007, Commander Tovar left a voicemail message for Mr. Pataky.  After leaving the message, Commander Tovar failed to hang-up the telephone but continued a conversation with Lt. Renteria and Sergeant Huntley.  In the conversation, Commander Tovar referred to Mr. Pataky as a "Dickweed." Commander Tovar also stated that "it is the fucking nature of the game" with constituents like Mr. Pataky, that "[Commander Tovar] needed to keep [Mr. Pataky] from going to Jack Harris," and "get [Mr. Pataky] off their ass."  Commander Tovar could also be heard stating, "I am not saying do it now," before he hung up the telephone.

36.     The following day, Detective Brokaw requested a subpoena from the Grand Jury of Maricopa County, to obtain copies of the telephone records for Ms. Cioppa's Cox Communications accounts.

37.     Upon information and belief, Detective Brokaw faxed the subpoena to Cox Communications on June 11, 2007 and received a Fed-Ex Envelope containing a certified copy of Ms. Cioppa's telephone records.

38.     Upon information and belief, on or about July 6, 2007, Detective Brokaw reviewed the Cox Communication and alleged Verizon records provided by Ms. Cioppa rather than certified copies provided by Cox Communications.

39.     Upon information and belief, Detective Brokaw failed to compare the certified records with those provided by Ms. Cioppa, or if he did review the certified record, Detective Brokaw concealed the discrepancies between the two sets of documents.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

8

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

40.     Upon information and belief, after reviewing the records provided by Ms. Cioppa, Detective Brokaw listed 33 separate violations of the August 26, 2006 order of protection.

41.     At trial, on or about May 9, 2008, Ms. Cioppa later testified that the records she produced came directly from Cox Communication in spite of the fact that Cox Communication only produces certified records in response to a subpoena.

42.     On or about July 11, 2007, Detective Brokaw referred the matter to the Maricopa County Attorney's Office for issuance of a Complaint and Summons against Mr. Pataky for Aggravated Harassment.

43.     On August 27, 2007, Mr. Pataky's criminal attorney, Kerrie Droban sent correspondence to Chief Harris, Frank Fairbanks and Phil Gordon requesting an investigation be performed into the Family Investigations Bureau's handling of Mr. Pataky's matter and the actions of Detective Brokaw in threatening Mr. Pataky even when Detective Brokaw believed their was no substance to Ms. Cioppa's claims against Mr. Pataky.

44.     Shortly thereafter, a direct complaint was issued on September 7, 2007.

45.     On November 5, 2007, Officer Fulton appeared before the Maricopa County Grand Jury and provided testimony regarding Detective Brokaw's investigation.

46.     Upon information and belief, Officer Fulton's testimony was predicated on Detective Brokaw's reports.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

47.     As a result of this testimony, a Supervening Indictment was issued on November 5, 2007 for Aggravated Harassment, a class 6 felony and domestic violence offense.

48.     On or about November 6, 2007, Ms. Droban received correspondence from Commander Richards with the Professional Standards Bureau.  In this letter Commander Richards indicated that the investigation by the Family Investigations Bureau was completed in accordance with departmental policy and within established investigative guidelines and that no misconduct occurred.

49.     On or about February 26, 2008, Ms. Droban sent follow-up correspondence to Chief Harris, Mayor Gordon, and Mr. Fairbanks requesting "any notes, memoranda, transcripts and/or other indicia of investigation that substantiates the department's decisions to take no disciplinary action against Detective Brokaw for his unprofessional conduct."

50.     In response, Ms. Droban received a two page e-mail string from Lt. Renteria to Commander Richards.

51.     The e-mail failed to address the concerns presented by Ms. Droban to the Professional Standards Bureau, but rather, was evidence that no investigation occurred.

52.     On or about May 9, 2008, Mr. Pataky's matter proceeded to a bench trial before the Honorable Michael Kemp.

53.     During the trial it became evident that the evidence supplied to the prosecutor's office by Detective Brokaw in support of the allegations was false.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

54.     Two separate copies of telephone records were introduced.  One copy, relied on by the State in presenting evidence to the grand jury to secure the indictment, and a second copy, which reflected the certified records received in response to the grand jury subpoena.  The certified copy did not contain a record of the alleged telephone calls set forth in Detective Brokaw's report and presented to the grand jury.

55.     The State moved to dismiss the case with prejudice and the matter was dismissed by the Honorable Michael Kemp with prejudice.

56.     Plaintiff requests a jury trial in this matter.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983-MALICIOUS PROSECUTION

57.     Plaintiff incorporates each and every allegation above as it fully set forth herein.

58.     The Defendants are individuals, entities and municipalities acting under color of state law.

59.     The Defendants, individually and collectively, contributed to the presentation of false and fraudulent evidence and testimony to the Maricopa County Grand Jury, on or about November 5, 2007.

60.     The presentation of said evidence led to the issuance of a Grand Jury Indictment against Mr. Pataky.

61.     By participating in the investigation and presentation of false evidence to the Grand Jury, the Defendants deprived Mr. Pataky of his substantive due process

rights to a fair and impartial presentation of evidence for determination of probable cause.

62.     In doing so, the Defendants participated and assisted in the prosecution of Mr. Pataky with malice and without probable cause and in doing so deprived Mr. Pataky of his constitutional rights.

63.     As a result of Defendants' conduct, Mr. Pataky incurred financial, economic, emotional and other damages in an amount to be proven at trial.

64.     The actions of the Defendants were entered into with an evil mind and therefore, punitive damages are appropriate.

## COUNT TWO
## MALICIOUS PROSECUTION

65.     The Plaintiff incorporates each and every allegation set forth above as if more fully set forth herein.

66.     The Defendants, by conduct, participation or knowledge, initiated or help institute a criminal prosecution against Mr. Pataky.

67.     The criminal prosecution terminated in Mr. Pataky's favor when the State voluntarily dismissed the matter during the first day of trial.   The State determined during the course of testimony that the evidence provided to the State by Defendants and later presented to the Grand Jury was fraudulent.

68.     The trial court dismissed the criminal prosecution with prejudice.

69.     Each of the Defendants contributed to the investigation and prosecution of Mr. Pataky in some way.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

70.    Each and every Defendant's actions were with malice and lacked probable cause.

71.    As a result of Defendants' actions, Mr. Pataky suffered significant financial, emotional, and personal injuries.

## COUNT THREE
## GROSS NEGLIGENCE

72.    The plaintiff incorporates each and every allegation set forth above as more fully set forth herein.

73.    The Defendants, as entities and individuals charged with enforcement of the laws and investigations of criminal acts, owed a duty to Mr. Pataky to conduct their investigation into allegations of domestic violence committed by Mr. Pataky pursuant to the applicable standard of care for law enforcement officers.

74.    Defendants conduct deviated from the duty and standard of care required of police officers by relying on false or fraudulent documents to secure a grand jury indictment against Mr. Pataky and the subsequent use of those documents as a basis for criminal prosecution of Mr. Pataky.

75.    Upon information and belief, Defendants had in there possession, certified copies of telephone records from the alleged victim's service providers, however, Defendants failed to verify the truth or falsity of documents provided by the alleged victim.

76.    By purposefully submitting fraudulent documents to the County Attorney and in some instances, testifying regarding those documents before the

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

Grand Jury, Defendants deviated from their duty and standard of care established by the United States and Arizona Constitutions and the Arizona Rules of Criminal Procedure.

77.    As a result of Defendants' conduct, Mr. Pataky has been incurred damages in an amount to be proven at trial.

## COUNT FOUR
## INTENTIONAL  INFLICTION OF EMOTIONAL DISTRESS

78.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

79.    Defendants intentional use of false and fraudulent evidence and testimony to obtain a Grand Jury Indictment against Mr. Pataky rises to the level of "extreme and outrageous" conduct as to warrant recovery on the basis of intentional infliction of emotional distress.

80.    Defendants knew or had reason to know that the evidence presented to the grand jury was fraudulent yet, despite this fact, they intentionally and recklessly used the false evidence to obtain a Grand Jury Indictment.

81.    As a direct and proximate result of Defendants actions, Mr. Pataky suffered severe emotional distress.

## COUNT FIVE
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

83.    Defendants collection and use of false and fraudulent evidence and testimony to obtain a Grand Jury Indictment against Mr. Pataky subjected Mr. Pataky to an unreasonable risk of harm.

84.    As a direct and proximate result of Defendants' actions, Mr. Pataky suffered severe emotional and physical distress.  Further, Mr. Pataky continues to experience mental pain and suffering.

## COUNT SIX
## DEFAMATION OF CHARACTER

85.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

86.    Defendants published and rendered various written statements concerning Mr. Pataky, his propensity to commit a domestic violence offense, veracity and professional and personal character.

87.    Material defamatory of the personal, professional, business reputation and capabilities of Mr. Pataky was and is contained in the police report and grand jury testimony.  Such statements were contrary to the truth and contrary to the information available to Defendants prior to submitting and publishing the police report and testimony before the grand jury.

88.    The false, defamatory, and misleading statements made by and on behalf of Defendants concerning the reputation and personal character of Mr. Pataky, were made maliciously and with intent to injure and damage Mr. Pataky.  The statements concerning Mr. Pataky are wholly false and were not protected expressions of opinion.

LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

89.     As a direct and proximate result of the conduct of Defendants, Mr. Pataky has been hampered in his pursuit of employment and has been and will be permanently and irretrievably damaged in his professional career.  Mr. Pataky has suffered and will continue to suffer a permanent impairment of his capacity to earn a living.   In the future, Mr. Pataky will be barred and prevented from securing comparable employment and therefore, will sustain a loss of future income in amounts that cannot presently be determined.  Such full amount will be determined at trial.

90.     As a further direct and proximate result of the conduct by Defendants, including publication of false, misleading, and defamatory statements, Mr. Pataky has suffered and in the future will continue to suffer serious and irreparable personal inconvenience, mental anguish and distress.  Such full amount will be determined at trial.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, and each of them, as follows:

A.     For compensatory damages, plus special and incidental damages in such a sum as may be proven at trial;

B.     For punitive damages in an amount to be proven at trial;

C.     For costs for the suit;

D.     For attorney's fees; and

E.     For other such relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 16th day of March, 2009.

**LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.**

BY: /s/ Jess A. Lorona
       Jess A. Lorona, Esq.
       Gregory E. McClure, Esq.
       Attorneys for Plaintiff

**LORONA, STEINER, DUCAR,
COUGHLIN & HOROWITZ, LTD.**
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

17